UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
:
LISSA MORALES, *et al.*, :
:
                Plaintiffs, :    No. 15-cv-6296 (TPG)
:
      – against – :    **OPINION**
:
MW BRONX, INC., *et al.*, :
:
                Defendants. :
:
------------------------------------------x

    Plaintiffs Lissa Morales, Danny Jimenez-Corcione, and Thomas R. Martinez commenced this action on August 11, 2015 against defendants MW Bronx, Inc., et al., alleging, among other things, that defendants were in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, NYLL § 650 *et seq.* ("NYLL"). Specifically, plaintiffs seek to recover unpaid minimum wages, overtime premium wages, liquidated damages, and statutory penalties pursuant to the FLSA and NYLL.

    On March 1, 2016, plaintiffs filed a motion for default judgment because defendants failed to answer or otherwise appear in this case. The Court issued an opinion on August 1, 2016, which ruled, among other things, that: (1) plaintiff Jimenez-Corcione is owed unpaid minimum wages, overtime wages, spread-of-hours pay, liquidated damages, and pre- and post-judgment interest; (2) Jiminez-Corcione is owed attorney's fees and costs; and (3) that all plaintiffs are owed damages for defendants' failure to provide regular wage statements and annual wage notices as required by the NYLL. ECF No. 35 at 32. The Court

1

however reserved judgment on whether plaintiffs Martinez and Morales were entitled to recover under the FLSA and NYLL until after they filed supplemental affidavits to cure a number of factual defects in their original Motion papers.

Plaintiffs Martinez and Morales filed supplemental affidavits on August 22, 2016 pursuant to the Court's August 1, 2016 opinion. After reviewing these corrective filings, the Court, for the reasons discussed further below, GRANTS plaintiffs Martinez and Morales request for default judgment.

## BACKGROUND

The Court assumes familiarity with the basic facts of this case, which were discussed more fully in the Court's August 1, 2016 opinion. The Court focuses here on the relevant facts supplied by Martinez's and Morales' supplemental affidavits.

Plaintiff Martinez began working at a Master Wok restaurant in the Bronx on December 5, 2014. He alleges that he was promised an hourly wage of $8.50 but was instead paid $8.25 per hour. During his first week of work at Master Wok, Martinez worked 40 regular hours and 16 overtime hours – 56 hours in total. In his second week of work, Martinez again worked 40 regular hours and 16 overtime hours. In his final time at Master Wok, Martinez worked 32 regular hours. In all, Martinez worked eighteen days during the period beginning December 5, 2014 to December 22, 2014 and a total of 144 hours, of which 112 were regular hours and 32 were overtime hours.

Master Wok paid Martinez for 56.5 hours of work at his regular wage, which amounted to $466.13. Master Wok did not pay Martinez for the remaining 55.5 hours of regular time or the 32 hours of overtime.

Plaintiff Morales began working at Master Wok on December 11, 2014. Like her co-plaintiff Martinez, Morales alleges that she was promised an hourly wage of $8.50 but was paid at a rate of $8.25 per hour. During Morales' first week of work, she worked a total of 62.5 hours, which amounts to 40 hours of regular time and 22.5 hours of overtime. In her second week, Morales worked 74 hours, or 40 hours of regular time and 34 hours of overtime. In all, Morales worked 14 days during the period beginning December 11, 2014 to December 24, 2014. Morales worked a total of 136.5 hours, of which 80 were regular hours and 56.5 were overtime hours.

Master Wok compensated Morales for 80 hours of regular wages and 2.75 hours of overtime wages. Master Wok did not pay Morales for the remaining 53.75 hours of overtime wages.

## DISCUSSION

In light of the Court's August 1, 2016 opinion, the only questions remaining in this case are whether and to what extent plaintiffs Morales and Martinez are entitled to damages and attorney's fees and costs under the FLSA and NYLL.

### I.   Liability Under the FLSA

Plaintiffs have moved for default judgment on two FLSA claims: (1) failure to pay the applicable minimum wage and (2) failure to pay overtime premium

wages. An employer is subject to liability under the FLSA if it is an "enterprise engaged in commerce." 29 U.S.C. §§ 206(b), 207(a). The Court already ruled in its August 1, 2016 opinion that Master Wok is subject to liability under the FLSA. ECF No. 35 at 13.

Employers subject to the FLSA must compensate their employees at a rate not less than the prevailing minimum wage based on a 40-hour work week. 29 U.S.C. §§ 206(a)(1), 207. The FLSA therefore provides for recovery to the extent that the amount of compensation received by an employee results in a straight-time hourly rate that is less than the federal minimum wage or the relevant state minimum wage, whichever is higher. *See, e.g., Wicaksono v. XYZ 48 Corp.*, No. 10 Civ. 3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011).

At the time of plaintiffs' employment, the federal minimum wage was $7.25/hour. New York's minimum wage, on the other hand, was $8.00/hour. *Compare* 29 U.S.C. § 206 *with* NYLL § 652(1). The Court therefore will apply New York's minimum wage in determining whether and to what extent defendants are liable to plaintiffs under the FLSA.

In addition, the FLSA provides that employees who work more than 40 hours in a single week are entitled to an overtime wage of not less than 1.5 times the regular rate. 29 U.S.C. § 207(a)(1). Defendants are therefore liable to plaintiffs Martinez and Morales under the FLSA for overtime premium wages to the extent that they were not paid premium wages for any overtime hours worked.

4

As discussed above, plaintiff Martinez was not paid for 55.5 hours of regular time and 32 hours of overtime. Plaintiff Morales was not paid 53.75 hours of overtime. Thus, defendants are liable to plaintiffs Martinez and Morales under the FLSA. The calculation of damages due to them is set forth later in this opinion.

## II.     Liability Under the NYLL

Plaintiffs have also moved for default judgment on five claims under the NYLL: (1) failure to pay the applicable minimum wage; (2) failure to pay overtime wages; (3) failure to pay "spread-of-hours" wages; (4) failure to provide wage statements; and (5) failure to furnish a notice of pay rate at the time of hiring. The Court held in its August 1, 2016 opinion that defendants are liable to plaintiffs Martinez and Morales under the NYLL for failure to provide wage statements and failure to furnish a notice of pay rate at the time. Furthermore, the NYLL largely mirrors the FLSA's requirements for minimum and overtime wages. Thus, defendants are liable under the NYLL for failure to pay minimum wages and overtime wages to plaintiffs Martinez and Morales.

The NYLL adds further liability, however, for employers who fail to pay "spread-of-hours" compensation. In other words, the NYLL requires employers to pay an employee who works a "spread of hours" in excess of 10 hours an additional hour of pay at the minimum wage rate. N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4. "Spread of hours" is defined as "the length of the interval between the beginning and end of an employee's workday," which "includes working time plus time off for meals plus intervals off duty." *Id.* § 146-1.6.

5

Employees are entitled to an additional hour of compensation at the applicable minimum wage for each workday in which they exceeded the ten-hour threshold.

In this case, plaintiff Martinez did not work more than 10 hours on any given day and is therefore not entitled to any "spread of hours" compensation under the NYLL. Plaintiff Morales, on the other hand, worked 10 or more hours on 8 separate occasions and was not paid the required additional hour of regular wages on any of those occasions. Defendants are therefore liable to Morales for "spread of hours" compensation under the NYLL.

### III. Damages for FLSA and NYLL Violations

#### a. Compensatory Damages

Plaintiffs who prevail on claims brought under the FLSA are entitled to recover unpaid minimum wages, unpaid overtime wages, and reasonable attorney's fees and costs. 29 U.S.C. § 216(b). The NYLL similarly allows for recovery of unpaid wages and overtime wages, adding, among other things, that plaintiffs may recover for unpaid "spread-of-hours" compensation. NYLL § 663(1). Of course, plaintiffs may not recover twice under both the FLSA and the NYLL for the same injury. *See Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-3725, 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010). Courts may, however, exercise discretion to award plaintiffs damages under the statute that provides the greatest amount of relief. *Id.* As discussed in its August 1, 2016 opinion, the Court exercises this discretion to award plaintiffs' compensatory damages under the NYLL because it provides the greatest amount of relief.

6

After reviewing plaintiff Martinez's supplemental affidavit, the Court calculates that Martinez is entitled to $429.87 in unpaid minimum wages and $384.00 in unpaid overtime wages. Martinez is not entitled to any "spread of hours" damages because he states that he did "not work more than 8 hours on any given day." Martinez Aff. at 3. Martinez is thus owed a total of $813.87 in compensatory damages.

Morales is entitled to $645.00 in unpaid overtime wages. Morales is further entitled to $80.00 in "spread of hours" damages so that her total compensatory damages amount to $725.00.

### b. Liquidated Damages

Plaintiffs Martinez and Morales are also entitled to liquidated damages under the FLSA and the NYLL. Both statutes provide that plaintiffs may recover an amount equal to 100% of their compensatory damages as liquidated damages. However, the Court held in a prior opinion that plaintiffs should not be entitled to overlapping liquidated damages and would choose instead to award liquidated damages as calculated under the NYLL, since it results in a higher damages award. ECF No. 35 at 23. Thus, Martinez is entitled to an additional $813.87 and plaintiff Morales is entitled to an additional $725.00 in liquidated damages under the NYLL alone.

### c. Prejudgment Interest

While plaintiffs in this case are not entitled to prejudgment interest under the FLSA, they are entitled to prejudgment interest under the NYLL. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).

Prejudgment interest under New York law accrues at a simple rate of 9% per year. N.Y.C.P.L.R. §§ 5001, 5004; *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998). Prejudgment interest applies only to compensatory damages. Liquidated damages are excluded from prejudgment interest calculations. *See Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195, 2012 WL 1669341, at *11 (S.D.N.Y. May 14, 2012).

New York law provides that where damages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all damages from a single reasonable intermediate date." N.Y.C.P.L.R. § 5001(b). The date of choice is left to the district court's discretion, as is the method of calculating the "single reasonable intermediate date." *See Marfia*, 147 F.3d at 91. Consistent with its opinion dated August 1, 2016, this Court chooses to calculate prejudgment interest under the NYLL from a "single reasonable intermediate date." *See* ECF No. 35 at 25. The Court will accordingly use the midpoint date between each plaintiff's first and last days of employment at Master Wok.

For plaintiff Martinez, that date is December 14, 2014 while plaintiff Morales' midpoint date is December 18, 2014. The formula to calculate prejudgment interest here is: (rate of interest)(principal)(number of days that the interest has accrued). Martinez is thus entitled to $155.33 of prejudgment interest[1] and Morales is entitled to $137.65 of prejudgment interest[2].

---

[1] $(.09/365)(813.87)*(774$ days, as of January 26, 2017$) = \$155.33$.
[2] $(.09/365)(725)(770$ days, as of January 26, 2017$) = \$137.65$.

8

### d. Post-judgment Interest

Whereas prejudgment interest in this case is governed by state law, post-judgment interest here is governed by federal statute. 28 U.S.C. § 1961(a) provides that "interest shall be allowed on any money judgment in a civil case in a district court." In this circuit, post-judgment interest accrues automatically by operation of law. Indeed, the Second Circuit has consistently held that an award of post-judgment interest is mandatory. *See, e.g., Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). The Court therefore awards post-judgment interest here.

### e. Attorney's Fees and Costs

The FLSA provides that courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 208 (2d Cir. 2009) (citing 29 U.S.C. § 216(b)). The NYLL also provides for attorney's fees to successful plaintiffs, adding further that "the total amount of judgment shall automatically increase by fifteen percent" when a defendant fails to timely pay any amount of the judgment rendered against it. *See* NYLL § 663(4).

Plaintiffs' counsel, however, has not specified the amount requested in reasonable attorney's fees, nor has he provided the court with any information upon which the Court might determine what constitutes a reasonable attorney's fee in this case. The Court therefore holds that plaintiffs Martinez and Morales are entitled to attorney's fees and costs but reserves judgment as

to the amount of such fees and costs until after the Court receives briefing on this matter. The Court notes that insofar as counsel later provides briefing as to his fees and costs, those figures should relate to work performed on plaintiffs' wage-related claims only – any work performed on claims dismissed in this Court's August 1, 2016 opinion will not be considered in determining fees and costs.

## CONCLUSION

In sum, plaintiff Martinez is entitled to $813.87 in compensatory damages and $813.87 in liquidated damages under the NYLL and FLSA, $155.33 in prejudgment interest under the NYLL, and post-judgment interest. Plaintiff Morales is entitled to $725.00 in compensatory damages and $725.00 in liquidated damages under the NYLL and FLSA, $137.65 in prejudgment interest, and post-judgment interest. While Martinez and Morales are entitled to attorney's fees and costs, the Court reserves judgment on those amounts until the Court receives briefing from plaintiffs' counsel on that matter.

SO ORDERED.

Dated: January 26, 2017
    New York, NY

Thomas P. Griesa
U.S. District Judge