UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/05/17

LISSA MORALES et al.,

                Plaintiff,

v.

MW BRONX et al.,

                Defendant.

15-cv-6296 (TPG)

**OPINION & ORDER**

Now before the court is plaintiffs' motion for approval of attorneys' fees and reimbursement of costs in connection with the above-captioned matter. For the reasons given below, the court finds that the requested fees and reimbursement are reasonable and grants plaintiffs' motion.

## BACKGROUND

Plaintiffs Lissa Morales, Danny Jimenez-Corcione, and Thomas R. Martinez commenced this collective action on August 11, 2015, alleging that their previous employers, defendants MW Bronx, Inc., Master Wok, Inc., Ryan Reimond Sanchez, Norma Doe, and Ken Doe, violated federal and state wage and hour laws. ECF No. 2, at 1, 6-9. Plaintiffs alleged, *inter alia*, that defendants violated various provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 (2012), and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 (McKinney 2017), both by failing to pay plaintiffs minimum wage and overtime wages, as well as failing to

1

provide plaintiffs with regular wage statements and annual wage notices. ECF No. 2, at 6-9.

Plaintiffs filed a motion for default judgment on March 1, 2016, based on defendant's failure to answer the complaint or otherwise appear in the case. ECF No. 24. On August 1, 2016, the court granted in part and denied in part plaintiffs' motion for default judgment. ECF No. 33. Specifically, the court (1) granted plaintiffs' motion with respect to defendants' failure to provide regular wage statements and annual wage notices as required under state law, (2) granted plaintiffs' motion with respect to plaintiff Jimenez-Corcione's claims under the FLSA and the NYLL, and (3) dismissed without prejudice the remaining plaintiffs' FLSA and NYLL claims, pending the submission of additional materials. ECF No. 35, at 31-32.

On January 26, 2017, the court ultimately granted the motion for default judgment with respect to plaintiffs Morales and Martinez. ECF No. 39, at 10. In its decision, the court held that while plaintiffs were entitled to reasonable attorneys' fees, it would "reserve[] judgment on those amounts until [it] received briefing from plaintiffs' counsel on that matter." ECF No. 39, at 10. On April 19, 2017, plaintiffs' counsel submitted the requested briefing and moved for approval of attorneys' fees and reimbursement of expenses in connection with the default judgment secured in the underlying FLSA action. ECF No. 45; ECF No. 46. For the reasons provided in the discussion that follows, the court grants plaintiffs' motion.

## LEGAL STANDARD

A successful plaintiff is entitled to recover reasonable attorneys' fees under both the FLSA, 29 U.S.C. § 201, and the NYLL, N.Y. Lab. Law § 650. Under federal law, "[a]ny employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of . . . a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Likewise, under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees." N.Y. Lab. Law § 198 (McKinney 2017). When awarding a fee, district courts have broad discretion but must explain the reasons supporting the award "clearly and concisely." *Diaz v. AJE Mgmt. Corp.*, No. 15 Civ. 1602 (AT) (JCF), 2017 WL 746439, at *6 (S.D.N.Y. Jan. 10, 2017).

Courts customarily award fee applicants a lodestar fee, which is a function of "the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *Id.* (quoting *Tackie v. Keff Enters.*, No. 14 Civ. 2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014)). Plaintiffs must therefore furnish specific evidence, including "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983)). With respect to time expended, "[c]ounsel for the prevailing party should make a good faith effort to exclude from

3

a fee request hours that are excessive, redundant, or otherwise unnecessary." *Anthony v. Franklin*, 844 F. Supp. 2d 504, 506-07 (S.D.N.Y. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). With respect to hourly rates, courts look to case-specific variables and considerations relevant to the reasonableness determination. *Id.* (citing *Johnson v. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).

The lodestar calculation yields a presumptively reasonable fee, and "the presumption is a strong one." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 513 (S.D.N.Y. 2011) (internal quotations omitted). As in other civil rights cases, attorneys' fees in FLSA cases "need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Id.* at 511. In considering a fee request, courts should thus avoid placing "an undue emphasis on the amount of plaintiff's recovery." *Id.* (quoting *Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6296, 2002 WL 465272, at *2 (S.D.N.Y. Mar. 2, 2002)).

**DISCUSSION**

The court acknowledges at the outset the notable difference between the plaintiffs' recovery of $6,976.63 and the requested fee award of $29,462.50. *See* ECF No. 46, at 3-4. In light of the purposes underlying the fee provisions contained in the FLSA and the NYLL, however, which were "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements," the

court does not attach undue significance to this difference. *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009); *see also Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) (finding the district court's reduction of the $144,792 lodestar figure where plaintiff recovered $612.50 was in error); *Douyon v. N.Y. Med. Health Care*, 49 F. Supp. 3d, 328, 335 (E.D.N.Y. 2014) (awarding the requested lodestar fee of $145,486.25 and $4,952.69 in costs where plaintiff recovered approximately $40,000).

## I. Reasonable Hourly Rates

Plaintiffs base their fee calculation on a proposed hourly rate of $350 for the services of attorney Zafer Akin, $300 for the services of attorney Leopold Raic, $275 for the services of Emre Polat, and $100 for the services of legal support staff members Olena Tatura, Esther Olivares, and Janet TouJague. ECF No. 45, at 2. In support of these rates, plaintiffs have: (1) directed the court's attention to cases in this district in which courts have approved higher hourly rates; (2) provided information about the legal experience of attorneys Akin, Raic, and Polat; and (3) proffered that all three attorneys' hourly rates have been previously approved in this district for similar matters. ECF No. 46, at 7.

While, "'a reasonable hourly rate' is not ordinarily ascertained simply by reference to rates awarded in prior cases," the court may, after evaluating any evidence proffered by the parties, consider rates awarded in prior cases and its own familiarity with prevailing rates in the district. *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005). Where, as here,

the parties have not submitted additional empirical evidence of prevailing market rates, the court may rely on precedent to make this determination. *See Stirrat v. Ace Audio/Visual, Inc.*, No. 02 Civ. 2842 (SJ), 2007 WL 2229993, at *7 n.3 (E.D.N.Y. July 31, 2007); *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402, 2010 WL 3452417, at *2 (S.D.N.Y. Sept. 1, 2010) (citing *Stirrat* for the proposition that the court may rely on its own familiarity with prevailing market rates if no such evidence is submitted).

Having reviewed the information submitted by the plaintiffs and the hourly rates recently approved by courts in this district, the court finds that plaintiffs' proposed hourly rates are reasonable and fall squarely within the range for attorneys with comparable levels of experience in this district.[1] *See, e.g., Anthony*, 844 F. Supp. 2d at 507 (finding reasonable an hourly rate of $350 for attorneys with eleven and nine years of experience and an hourly rate of $225 reasonable for an attorney with three years of experience); *Wong*, 2010 WL 3452417, at *3 (identifying the fee range for "employment law litigators with approximately ten years of experience . . . between $250 and $350 per hour" in the Southern District of New York).

## II.   Time Reasonably Expended

Plaintiffs submit that counsel performed 113.4 hours of work in connection with this case. ECF No. 46, at 7. They support this assertion

---

[1] The court notes here that attorney Akin has "substantial experience" and "specialized knowledge in employment law." ECF No. 46, at 7. The court further notes that attorney Raic has sixteen years of experience practicing law. ECF No. 46, at 7. Finally, the court notes that attorney Polat has seven years of experience practicing law. ECF No. 46, at 7.

with contemporaneous time records that include descriptions of the nature of the work performed during those hours. ECF No. 45, Ex. 1. In assessing the amount of time counsel expends on a particular matter, "the essential consideration is whether a reasonable attorney would have expended similar hours in pursuit of the case." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015). During its review of the parties' submitted hours, the court should inquire as to whether "any of the time spent was not reasonably necessary to the outcome" and reduce the hours for which compensation will be awarded by that amount. *Id.*

The court has reviewed the time entries and determines that counsel's work was "relevant and productive, and not duplicative." *In re Arbitration Between P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, 160 F. Supp. 2d 613, 616 (S.D.N.Y. 2001). Finding no basis for reduction, the court concludes that the number of hours expended on this case was both reasonable and properly included as a factor in the lodestar calculation.

### III. Costs

The court has also reviewed the miscellaneous costs and litigation expenses plaintiffs have submitted in connection with the legal services counsel provided in this matter. ECF No. 45, Exs. 2-4. The requested reimbursement figure reflects filing fees and service costs, which were both incidental and necessary to the adequate representation of plaintiffs. The court thus finds that the request is reasonable and that plaintiffs are entitled to reimbursement for litigation costs and expenses.

## CONCLUSION

For the reasons provided above, the court awards plaintiffs the reasonable attorneys' fees and expenses reimbursement as requested. Accordingly, defendant is ordered to pay $29,462.50 for attorneys' fees and $650.00 in reimbursement costs, for a total of $30,112.50.

SO ORDERED.

Dated: New York, New York
October 5, 2017

*Thomas P. Griesa*
Thomas P. Griesa
U.S. District Judge